E-filing

1  JIVAKA CANDAPPA, (SBN 225919)
2  180 Grand Avenue, Suite 700
   Oakland, CA 94612
3  Telephone: (510) 628-0300
   Facsimile: (510) 628-0400
4
5  Attorney for Plaintiffs BARRY WHITE, JR.,
6  and DEMITRIUS ANDERSON

FILED

AUG 2 6 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

7
8
9              UNITED STATES DISTRICT COURT
10         FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  BARRY WHITE, JR. and DEMITRIUS<br>13  ANDERSON,<br><br>14                 Plaintiffs,<br><br>15                 vs.<br><br>16  CITY OF ANTIOCH, JAMES HYDE, Chief<br>17  of Police, Antioch Police Department, in his<br>     official and individual capacities; ALLAN<br>18  CANTANDO, Chief of Police, Antioch Police<br>     Department, in his official and individual<br>19  capacities; OFFICER NICHOLAS CUEVAS<br>20  (#3920), OFFICER CHRIS WALTERS<br>     (#3489), CORPORAL MIKE HULSEY<br>21  (#2356), CORPORAL KELLY OUIMET<br>     (#2031), LIEUTENANT LEONARD<br>22  ORMAN (#1878), OFFICER MIKE<br>     MELLONE (#4323), DOES 1 through 25, in<br>23  their official and individual capacities,<br>24                 Defendants. | Case No.:  **C11-04221**<br><br>**COMPLAINT FOR DAMAGES AND<br>INJUNCTIVE AND DECLARATORY<br>RELIEF**<br>**(42 U.S.C. § 1983)**<br><br>**DEMAND FOR JURY TRIAL** |

25
26
27
28

**COMPLAINT**                    *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

-1-

1  Plaintiffs, BARRY WHITE, JR. and DEMITRIUS ANDERSON, hereby allege as
2  follows:

3  **INTRODUCTION**

4  1.  Plaintiffs BARRY WHITE, JR. and DEMITRIUS ANDERSON bring this
5  lawsuit against the CITY OF ANTIOCH, CHIEF JAMES HYDE, CHIEF ALLAN
6  CANTANDO, OFFICER NICHOLAS CUEVAS (#3920), OFFICER CHRIS WALTERS
7  (#3489), CORPORAL MIKE HULSEY (#2356), CORPORAL KELLY OUIMET (#2031),
8  LIEUTENANT LEONARD ORMAN (#1878), OFFICER MIKE MELLONE (#4323), and
9  DOES 1 through 25, for violating and conspiring to violate Plaintiffs' civil rights under federal
10  law and state law.  Plaintiffs seek compensatory and exemplary damages, statutory penalties,
11  declaratory and injunctive relief, attorney fees and costs of suit.

12  2.  On or about August 29, 2009, Officer Nicholas Cuevas of the Antioch Police
13  Department tried to brutally murder three African-American men, Plaintiff Barry White, Jr.,
14  Plaintiff Demitrius Anderson and Gilbert Longsworth while the three men were seated in Mr.
15  White's vehicle with their hands up in the air.

16  3.  The three men had their backs turned to the officer when he shot them through
17  the rear driver's side window and rear windshield of Mr. White's vehicle.  Mr. White sustained
18  gunshot wounds to his head and ear.

19  4.  The men managed to escape from the vehicle.

20  5.  Officer Cuevas pursued the men.  He shot Mr. White in the back and left him for
21  dead in a pool of blood.  Mr. Anderson narrowly escaped death when a bullet pierced the peak
22  of his cap.  Mr. Longsworth was shot in the back.

23  6.  Mr. White was found by officers of the Antioch Police Department 90 minutes
24  later in a pool of blood and transported to the John Muir Medical Center in Walnut Creek.

25  7.  Mr. White suffered gunshot wounds to his head, ear, and back as a direct result
26  of Officer Nicholas Cuevas' use of deadly force.

27  8.  Mr. Anderson gave up after a brief pursuit and was viciously beaten by Antioch
28  Police Department officers Corporal Mike Hulsey, Officer Chris Walters and Corporal Kelly

**COMPLAINT**                    *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

-2-

1 Ouimet while he lay face down on the ground. The Antioch Police Department officers beat
2 Mr. Anderson with flashlights and kicked him in the face.

3    9.    Mr. Anderson suffered a bruised and swollen head and face, a chipped tooth, and
4 numbness in his teeth and jaw as a direct result of the excessive force used by the arresting
5 officers.

6    10.    Mr. Longsworth was not arrested on the night in question.

7    11.    During the course of the investigation into the incident the Antioch Police
8 Department warned Plaintiffs' family against filing a lawsuit and threatened them with criminal
9 prosecution if they did so.

10    12.    On February 25, 2010, Plaintiffs White and Anderson filed claims with the City
11 of Antioch pursuant to the California Tort Claims Act.

12    13.    One week later, in March of 2010, Lieutenant Leonard Orman and Officer Mike
13 Mellone of the Antioch Police Department retaliated against Plaintiffs by referring their case to
14 the Contra Costa County District Attorney's Office for criminal prosecution.

15    14.    To vindicate their rights and to discourage such incidents of police brutality and
16 violence against racial minorities, Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, the
17 First and Fourth Amendments to the United States Constitution, and the laws of the State of
18 California.

19                                              **PARTIES**

20    15.    Plaintiff BARRY WHITE, JR., is a 21-year old African-American male who
21 resides in the City of Antioch, County of Contra Costa, California. Mr. White is a high school
22 graduate and was 19 years old at the time of the incident.

23    16.    Plaintiff DEMITRIUS ANDERSON is a 20-year old African-American male
24 who resides in the City of Pittsburg, County of Contra Costa, California. Mr. Anderson is a
25 high school graduate and was 18 years old at the time of the incident.

26    17.    On information and belief, Defendant CITY OF ANTIOCH is a municipal
27 corporation that owns, operates, and governs the ANTIOCH POLICE DEPARTMENT pursuant
28 to the laws of the State of California.

---

**COMPLAINT**                    *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

-3-

1  18. On information and belief, Defendant CHIEF JAMES HYDE ("HYDE") was the

2  Chief of Police for the City of Antioch at times material to this Complaint.

3  19. On information and belief, Defendant CHIEF ALLAN CANTANDO

4  ("CANTANDO") was the Acting Chief of Police or Chief of Police for the City of Antioch at

5  times material to this Complaint.

6  20. On information and belief, Defendants OFFICER NICHOLAS CUEVAS

7  (#3920), OFFICER CHRIS WALTERS (#3489), CORPORAL MIKE HULSEY (#2356),

8  CORPORAL KELLY OUIMET (#2031), LIEUTENANT LEONARD ORMAN (#1878),

9  OFFICER MIKE MELLONE (#4323), and DOES 1 through DOE 25 were at all times material

10  to this Complaint employees of Defendant CITY OF ANTIOCH and the ANTIOCH POLICE

11  DEPARTMENT.

12  21. The true names of Defendants named as DOE 1 through DOE 25, inclusive, are

13  presently unknown to Plaintiffs. Plaintiffs will further amend this Complaint, setting forth the

14  true names of these DOE Defendants when they are ascertained. Plaintiffs are informed and

15  believe and on that basis allege that each of the DOE Defendants participated in the acts alleged

16  in this Complaint to have been done by the named Defendants.

17  22. On information and belief, Defendant City of Antioch and the Antioch Police

18  Department were at all times material to this Complaint responsible for the employment,

19  training, supervision, and discipline of Defendants Cuevas, Walters, Hulsey, Ouimet, Orman,

20  Mellone, and Doe 1 through Doe 25.

21  23. On information and belief, Defendants Cuevas, Walters, Hulsey, Ouimet,

22  Orman, Mellone, and Doe 1 through Doe 25, sued here in their official and individual

23  capacities, were at all times material to this Complaint duly employed, appointed and acting as

24  sworn peace officers of the Antioch Police Department, acting under color of law to wit, under

25  color of statutes, ordinances, regulations, policies, customs and usages of the State of California

26  and/or the City of Antioch. At all times material to this Complaint, Defendants Cuevas,

27  Walters, Hulsey, Ouimet, Orman, Mellone, and Doe 1 through Doe 25 acted within the scope of

28  their employment with Defendant City of Antioch and the Antioch Police Department.

**COMPLAINT**                    *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

-4-

1     24.     Plaintiffs are informed and believe that each Defendant was the agent or

2 employee of each of the other Defendants, and in perpetrating the wrongful conduct detailed in

3 this Complaint, acted within the scope of such agency or employment, or ratified the acts of the

4 other.

5     25.     Plaintiffs are informed and believe that each of the Defendants caused, and is

6 responsible for the below-described unlawful conduct and resulting injuries in that each of the

7 Defendants participated in the unlawful conduct or acted jointly with others who did so;

8 authorized, acquiesced in or set in motion actions that led to the unlawful conduct; failed to take

9 action to prevent the unlawful conduct; failed and refused with deliberate indifference to

10 Plaintiffs' rights to initiate and maintain adequate training and supervision; failed to prevent

11 further harm to Plaintiffs; and/or ratified the unlawful conduct and actions by employees and

12 agents under Defendants' direction and control, including failure to take remedial action.

13

14                                  **JURISDICTION AND VENUE**

15     26.     This Court has subject matter jurisdiction over the parties and this action

16 pursuant to 28 U.S.C. §§ 1331 and 1343. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court

17 has jurisdiction to declare the rights of the parties and to grant all further relief deemed

18 necessary and proper.

19     27.     Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over

20 the state claims brought in this action, which arise from a common nucleus of operative facts

21 and from the same transactions and occurrences raised in Plaintiffs' federal causes of action.

22     28.     Venue lies in the United States District Court for the Northern District of

23 California pursuant to 28 U.S.C. §§ 84 and 1391 because the events that gave rise to the claims

24 alleged in this Complaint arose in the County of Contra Costa and one or more defendants

25 reside in the County of Contra Costa or conduct business in the County of Contra Costa.

26

27                                **INTRADISTRICT ASSIGNMENT**

28     29.     The claims alleged herein arose in the County of Contra Costa. This action is

**COMPLAINT**                           *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

1 | properly assigned to the Oakland or San Francisco Division of the United States District Court
2 | for the Northern District of California pursuant to Civil Local Rule, 3-2(d).

3

4 | **COMPLIANCE WITH CALIFORNIA TORT CLAIMS ACT**

5 | 30.    Plaintiffs timely filed their claim notices with the City of Antioch pursuant to the
6 | California Tort Claims Act on February 25, 2010.

7

8 | **STATEMENT OF FACTS**

9 | 31.    On August 29, 2009, at approximately 11:45 p.m., Plaintiff Barry White, Jr., a
10 | 19-year old African-American male, Plaintiff Demetrius Anderson, an 18-year old African-
11 | American male, and Gilbert Longsworth, an 18-year old African-American male, went to a
12 | private party at the Woman's Club in the City of Antioch. They arrived there as the party was
13 | about to end. One of the men who was in charge of security for the event night denied them
14 | entry into the club. Words were exchanged between Mr. Longsworth and the man in charge of
15 | security.

16 | 32.    As Plaintiffs and Mr. Longsworth were returning to their vehicle, a few party
17 | guests chased after Plaintiffs and Mr. Longsworth. Mr. White unlocked the doors by remote
18 | access before they reached the vehicle to hasten their exit from the scene. Mr. Longsworth
19 | reached the vehicle first and displayed a gun to his pursuers. Plaintiffs and Mr. Longsworth left
20 | the scene immediately in Mr. White's vehicle, a 1994 Nissan 300. Mr. Longsworth placed the
21 | gun in the hatch area of the Nissan upon leaving the scene.

22 | 33.    Mr. White, the driver, was unfamiliar with the area and ended up in a cul-de-sac
23 | of a parking lot at the foot of G Street in the City of Antioch. The cul-de-sac is bordered by
24 | residential and commercial properties. When Mr. White entered the parking lot, he pulled into a
25 | parking space and backed up to leave the parking lot.

26 | 34.    As Mr. White proceeded to drive towards the parking lot exit, an unidentified
27 | vehicle approached Mr. White's vehicle and directed a high intensity spotlight into the
28 | passenger compartment of the Nissan, blinding Mr. White.

**COMPLAINT**                                      *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

-6-

1    35.    The vehicle did not identify its arrival on the scene by the use of a siren or red
2 and blue overhead lights. The driver of the unidentified vehicle did not identify himself as a
3 police officer.

4    36.    Mr. White maneuvered around the unidentified vehicle as best as he could under
5 the circumstances. As he passed the vehicle in question, someone yelled out, "Put your hands
6 up!"

7    37.    Mr. White and the passengers in his vehicle put their hands up.

8    38.    Thereafter, several shots were fired into the Nissan through the driver's side rear
9 window and the hatchback window of Mr. White's vehicle after it had passed the other, as yet
10 unidentified, vehicle.

11    Use of Deadly Force by Officer Nicholas Cuevas

12    39.    The shooter fired at Plaintiffs and Mr. Longsworth. The bullets penetrated the
13 rear driver's side window and rear windshield of Mr. White's vehicle.

14    40.    Plaintiffs and Mr. Longsworth had their hands in the air and their backs turned to
15 the shooter when they were shot.

16    41.    Plaintiff Barry White was shot in the back of the head and ear. Mr. Longsworth
17 was shot in the back.

18    42.    Fearing for their lives and believing they were about to be killed in cold blood,
19 Plaintiffs and Mr. Longsworth exited the vehicle and started running.

20    43.    Mr. White's car continued to roll away from the other vehicle and came to a stop
21 after striking a concrete barrier.

22    44.    Plaintiffs later learned that the unidentified vehicle was an Antioch Police
23 Department patrol vehicle driven by Officer Nicholas Cuevas (# 3920), the shooter, who had
24 attempted to kill Plaintiffs and Mr. Longsworth.

25    45.    Mr. White escaped from the vehicle and ran. As he was running, he was shot in
26 the back.

27    46.    The shooter, believed to be Officer Cuevas, left Mr. White for dead.

28

---

**COMPLAINT**                                    *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

1    47.    About ninety minutes later, officers of the Antioch Police Department found Mr.

2    White in a pool of blood.

3    48.    An ambulance was dispatched to the scene and Mr. White was transported to the

4    emergency room of the John Muir Medical Center in Walnut Creek.

5    49.    Mr. White was hospitalized for three days for emergency medical treatment and

6    surgery.

7    50.    Mr. White suffered gunshot wounds to his head, ear, and back as a direct result

8    of Officer Nicholas Cuevas' use of deadly force.

9    51.    Officers of the Antioch Police Department attempted to interrogate Mr. White at

10   the hospital without providing him with legal counsel.

11   52.    Officers of the Antioch Police Department attempted to interrogate Mr. White a

12   second time, again without providing him with legal counsel, after he was released from the

13   hospital and transported to the Antioch Police Department.

14   53.    Mr. White was finally released on September 1, 2009, pursuant to California

15   Penal Code section 849(b).

16   Beating of Demitrius Anderson by Officers of the Antioch Police Department

17   54.    In response to Officer Cuevas' unwarranted use of deadly force and fearing for

18   his life, Plaintiff Demitrius Anderson also fled the scene.

19   55.    The shooter, believed to be Officer Cuevas, fired at Mr. Anderson as he fled.

20   The bullet pierced the peak of Mr. Anderson's cap.

21   56.    After a brief pursuit, Mr. Anderson gave up and was ordered to lay prone on the

22   ground and display his hands, which he did.

23   57.    While Mr. Anderson lay prone on the ground, as ordered by the police officers,

24   one of the officers put his foot on Mr. Anderson's neck, and beat him on the back of the head,

25   and on his face and back with a flashlight. Mr. Anderson was kicked in the face and beaten by

26   the arresting officers. Mr. Anderson pleaded that he had not done anything wrong. One of the

27   officers told him to shut the 'f' up before he kicked his teeth down his throat.

28

**COMPLAINT**                                    *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

-8-

1   58.   Mr. Anderson sustained a bruised and swollen head and face, a chipped tooth,

2   and numbness in his teeth and jaw as a direct result of the excessive force used by Corporal

3   Mike Hulsey (# 2356), Corporal Kelly Ouimet (# 2031) and Officer Chris Walters (# 3489) of

4   the Antioch Police Department.

5   59.   Mr. Anderson was arrested and held for twenty-two hours without a phone call,

6   without food and without water. He asked several times to be taken to the hospital because he

7   was dizzy and disoriented. The officers refused to take him claiming that a ride to the hospital

8   would cost a lot of money. For several hours, Mr. Anderson continued to ask to be taken to the

9   hospital. An ambulance was eventually called.

10   60.   After several hours and denied requests, Mr. Anderson was taken to Sutter Delta

11   Medical Center Emergency Room for medical treatment. After treatment, Mr. Anderson was

12   transported back to the Antioch Police Department and interrogated for approximately 22 hours

13   without the aid or assistance of legal counsel. He was denied food, water, and a phone call until

14   he made a statement.

15   61.   Mr. Anderson was eventually released on August 30, 2009, pursuant to

16   California Penal Code section 849(b) only after he agreed under duress to allow the Antioch

17   Police Department officers to search his bedroom at his mother's residence.

18   62.   When Defendant Mike Mellone brought Mr. Anderson home after 10:00 p.m. on

19   August 30, 2009, he informed Mr. Anderson's mother, Demia Anderson, that her son would be

20   released only after they searched Mr. Anderson's room, and provided that the police did not

21   find any weapons or gang paraphernalia during the search.

22   63.   The officers refused to release Mr. Anderson until Demia Anderson agreed to

23   allow Defendant Mellone and officers of the Antioch Police Department into her home to search

24   her son's room.

25   64.   Ms. Anderson gave in to Defendant Mellone's demands under duress.

26   65.   A search was conducted and nothing incriminating was found.

27

28

---

**COMPLAINT**                    *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

66.     While searching the Mr. Anderson's room, Defendant Mellone told Ms. Anderson that he knew that the "boys" were not trying to hurt anybody and that "mistakes were made by both sides."

67.     Mr. Anderson was released after the search of his room.

Defendants' Refusal to Permit Barry White's Mother to Visit with him in the Hospital

68.     Mr. Longsworth was not arrested by the police on the night in question. He walked several miles to the home of Plaintiff Demitrius Anderson's mother, Demia Anderson, and told her that he thought Demitrius had been arrested.

69.     Ms. Anderson contacted Plaintiff Barry White's mother, Malinda Brown, and relayed the news to her.

70.     On August 30, 2009, Ms. Brown and Ms. Anderson went to the scene of the incident and inquired about their sons' whereabouts.

71.     Defendant Mike Mellone told them that Mr. White had been shot in the neck and that he was at the Martinez Hospital. Ms. Brown later discovered that Defendant Mellone had given her incorrect information and that her son had in fact been shot in the head, ear and back and transported to the John Muir Medical Center in Walnut Creek.

72.     Ms. Brown attempted to visit her son, Barry White, at the hospital but the staff there refused to let her see her son. She was advised to talk to the Antioch Police Department.

73.     The Antioch Police Department officers told Ms. Brown that they could not discuss the incident with her. Unbeknownst to Ms. Brown, Mr. White had been admitted by the Antioch Police Department officers under the fictitious name of "sigma lavender."

74.     On August 31, 2009, Plaintiff Barry White's father and mother went to the Antioch Police Department and spoke with Officer Santiago Castillo and asked to visit their son. Officer Castillo said that he would try and arrange for Barry to give them a call. Plaintiff Barry White was allowed to call his family at approximately 5:15 p.m. on August 31, 2009.

75.     Plaintiff Barry White was finally released to his family at the Antioch Police Department station on September 1, 2009.

/ . / . /

**COMPLAINT**                    *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

1 | 52.1(h), and other applicable law.

2 |     9.    Such other relief as the Court finds just and proper.

3

4 | DATED:  August 26, 2011

By: _____

5 |                       JIVAKA CANDAPPA, Attorney for Plaintiffs,

6 |                       BARRY WHITE, JR. and DEMITRIUS ANDERSON

**COMPLAINT**

*Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

1    Retaliation by Lieutenant Orman and Detective Mellone

2        76.    On or about August 30, 2009, Detective Mike Mellone of the Antioch Police
3    Department apologized to Plaintiff Demitrius Anderson for the actions of the Antioch Police
4    Department in injuring him and shooting the driver, Mr. White.

5        77.    Detective Mellone indicated that the person responsible for the shooting, Officer
6    Cuevas, was a "rookie" police officer.

7        78.    On or about September 1, 2009, at a meeting organized by Gene Greenwald,
8    District Attorney Chief of Inspectors for Contra Costa County, Lieutenant Leonard Orman of
9    the Antioch Police Department suggested to Plaintiff Barry White's family and Demitrius
10   Anderson's mother that if they did not file a complaint the Antioch Police Department would
11   not pursue criminal charges against Barry and Demitrius.

12       79.    Lieutenant Orman told Plaintiffs' families that they had six months to bring a
13   claim and that the Antioch Police Department had one year to file criminal misdemeanor
14   charges and three years to file felony criminal charges against their sons.

15       80.    On February 25, 2010, Plaintiffs filed their claims with the City of Antioch
16   pursuant to the California Tort Claims Act.

17       81.    The following week, in March of 2010, Lieutenant Orman and Detective
18   Mellone referred Plaintiffs' case to the Contra Costa County District Attorney's Office for
19   criminal prosecution.

20       82.    On or about May 21, 2010, the Contra Costa County District Attorney's Office
21   filed felony criminal charges against Plaintiff Barry White and a misdemeanor criminal charge
22   against Plaintiff Demitrius Anderson.

23

24                              **STATEMENT OF DAMAGES**

25       83.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff
26   Barry White, Jr. sustained gunshot wounds to his head, ear and back.

27

28

**COMPLAINT**                          *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

-11-

1    84.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff

2    Demitrius Anderson sustained a chipped tooth, a bruised and swollen head and face, and

3    numbness in his teeth and jaw.

4    85.    Plaintiffs' claims for general damages include claims for pain, suffering, and

5    emotional distress in amounts to be determined according to proof.

6    86.    Plaintiffs have and may continue to have in the future, claims for special

7    damages, including, but not limited to, claims for medical and related expenses, lost wages,

8    damage to career, harm to educational pursuits, and/or other special damages in amounts to be

9    determined according to proof.

10    87.    Plaintiffs have and may continue to have in the future, damages for permanent

11    injuries, permanent scarring and/or other physical disfigurement and/or disability in amounts to

12    be determined according to proof.

13    88.    Defendants and each of them is liable for Plaintiffs' injuries and damages

14    pursuant to 42 U.S.C. section 1983; California Government Code sections 815.2, 815.6, 820,

15    820.8; and California Civil Code sections 51.7 and 52.1, as set forth below.

16    89.    Defendants' acts and omissions were intentional, willful, malicious, reckless, and

17    in conscious disregard of Plaintiffs' protected rights.  As such and to deter future similar

18    conduct by Defendants, Plaintiffs are entitled to an award of punitive damages against

19    Defendants.

20    90.    Plaintiffs are further entitled to statutory damages and penalties pursuant to

21    California Civil Code sections 52(b) and 52.1(b); and attorney fees and costs pursuant to 42

22    U.S.C. section 1988, California Civil Code sections 52(b) and 52.1(h), and other applicable

23    statutes.

24    / . / . /

25    / . / . /

26    / . / . /

27    / . / . /

28    / . / . /

**COMPLAINT**                          *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

-12-

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983
**Fourth Amendment Violation: Unlawful Seizure and Use of Excessive Force**
**(Against Defendants Nicholas Cuevas, Mike Hulsey, Kelly Ouimet, and Chris Walters,**
**and Does 1-25 in their official and individual capacities)**

91.     Plaintiffs incorporate by reference the allegations set forth above and below.

92.     Defendants Nicholas Cuevas, Mike Hulsey, Kelly Ouimet, Chris Walters, and Does 1-25 acted under color of law, and conspired to deprive, and acting jointly and in concert with one another did deprive Plaintiffs of their clearly established constitutional rights pursuant to the Fourth Amendment to the United States Constitution.

93.     Defendants Nicholas Cuevas, Mike Hulsey, Kelly Ouimet, Chris Walters, and Does 1-25 intentionally seized Plaintiffs without a warrant and without probable cause.

94.     The seizure of Plaintiffs by Defendants was not objectively reasonable under the circumstances.

95.     Defendant Nicholas Cuevas used deadly force against Plaintiffs Barry White, Jr. and Demitrius Anderson without lawful justification. The deadly force used by Officer Cuevas against Plaintiffs was not objectively reasonable under the circumstances.

96.     Plaintiffs did not pose an immediate threat to Officer Cuevas or any others when Officer Cuevas shot Plaintiffs while they were seated in Mr. White's vehicle with their hands up in the air.

97.     Plaintiffs did not pose an immediate threat to Officer Cuevas or any others when Officer Cuevas shot them as they fled on foot in fear for their lives.

98.     Defendants Hulsey, Ouimet, Walters, and Does 1-25 used excessive force in arresting Plaintiff Demitrius Anderson without lawful justification. The excessive force used by Defendants Hulsey, Ouimet, Walters, and Does 1-25 against Plaintiff Anderson was not objectively reasonable under the circumstances.

99.     Plaintiff Anderson did not pose an immediate threat to Defendants Hulsey, Ouimet, Walters, Does 1-25 or any others to justify the beating that he received at the hands of

**COMPLAINT**                          *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

-13-

1  the involved officers.

2      100.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

3  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

4  including attorney fees and costs, to remedy the unlawful conduct.

5      WHEREFORE, Plaintiffs pray for relief as set forth herein.

6

7  **SECOND CAUSE OF ACTION**
8  **42 U.S.C. § 1983**
   **First Amendment Violation: Retaliation**
9  **(Against Defendants Leonard Orman, Mike Mellone, and**
   **Does 1-25 in their official and individual capacities)**
10

11      101.    Plaintiffs incorporate by reference the allegations set forth above and below.

12      102.    Defendants Leonard Orman, Mike Mellone, and Does 1-25 acted under color of

13  law, and conspired to deprive, and acting jointly and in concert with one another did deprive

14  Plaintiffs of their clearly established constitutional rights pursuant to the First Amendment to

15  the United States Constitution.

16      103.    Defendants Orman and Mellone retaliated against Plaintiffs by causing Plaintiffs

17  to be subject to criminal prosecution because Plaintiffs filed claims with the City of Antioch

18  pursuant to the California Tort Claims Act indicating their intention to file a civil rights lawsuit

19  against the involved officers and the City.

20      104.    Plaintiffs' conduct in filing claims with the City of Antioch constituted a

21  protected activity pursuant to the First Amendment to the United States Constitution.

22      105.    Plaintiffs' protected conduct was a substantial or motivating factor for the action

23  taken against Plaintiffs by Defendants Orman and Mellone.

24      106.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

25  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

26  including attorney fees and costs, to remedy the unlawful conduct.

27      WHEREFORE, Plaintiffs pray for relief as set forth herein.

28  / . / . /

---

**COMPLAINT**                  *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

-14-

1
2
3

**THIRD CAUSE OF ACTION**
**42 U.S.C. § 1983**
**Municipal and Supervisor Liability**
**(Against Defendants City of Antioch, James Hyde and Allan Cantando)**

4      107.    Plaintiffs incorporate by reference the allegations set forth above and below.

5      108.    Between January of 2004 and June of 2009, the Antioch Police Department

6 recorded 840 incidents involving the use of an intermediate level of force by Antioch Police

7 Department officers against citizens.

8      109.    According to information and belief, all 840 incidents in question were deemed

9 to be in compliance with department policy and did not result in disciplinary action being taken

10 against any of the involved officers for use of excessive force.

11      110.    During the period 2006 through 2009, the Antioch Police Department did not

12 discipline a single officer for using excessive force against a citizen even when the level of

13 force used was deemed to be deadly.

14      111.    During the period July 15, 2005, through July 15, 2007, the Antioch Police

15 Department documented the use of an intermediate level of force against 234 individuals. 100

16 or 42.74% of the 234 individuals who were subjected to such force by the Antioch Police

17 Department were African-American. During the period under consideration, African-

18 Americans constituted only 16% of the population in Antioch.

19      112.    On information and belief, the unlawful conduct of Defendants Cuevas, Hulsey,

20 Ouimet, Walters, Orman, Mellone, and Does 1 through 25 was pursuant to and made possible

21 by the customs, policies, practices, and/or procedures of the City of Antioch and the Antioch

22 Police Department, which include, but are not limited to, the following:

23      a.   engaging in, condoning, ratifying and/or failing to properly investigate or

24 discipline unreasonable seizures, including use of excessive, unreasonable and unjustified force;

25      b.   engaging in, condoning, ratifying and/or failing to properly investigate or

26 discipline officers who retaliate against citizens who exercise their constitutionally protected

27 rights;

28      c.   improperly hiring, and improperly and inadequately training and supervising

---

**COMPLAINT**                         *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

1 officers, and failing to adopt and/or enforce policies and procedures for the proper training, and
2 supervision of officers;

3      d.  inadequately investigating and failing to adopt and/or enforce rules, regulations,
4 policies, and procedures for the proper investigation of and response to citizen complaints about
5 officer misconduct;

6      e.  failing to provide timely medical attention to detainees in the custody of the
7 Antioch Police Department.

8      113.  The rights set forth above are embodied in clearly established constitutional law
9 pursuant to the First and Fourth Amendments to the United States Constitution.

10      114.  As a result of the customs, policies, practices, and/or procedures listed above,
11 Defendants Cuevas, Hulsey, Ouimet, Walters, Orman, Mellone, and Does 1 through 25 believed
12 that their actions would not be monitored, investigated, or result in disciplinary action by their
13 supervisors and would instead be tolerated, ratified, and/or condoned.

14      115.  The foregoing customs, policies, practices, and/or procedures constitute
15 deliberate indifference on the part of Defendants City of Antioch, James Hyde and Allan
16 Cantando to Plaintiffs' constitutional rights.

17      116.  As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have
18 suffered, and will continue to suffer, the above stated damages in an amount according to proof,
19 including attorney fees and costs, to remedy the unlawful conduct.

20      WHEREFORE, Plaintiffs pray for relief as set forth herein.

21

22 **FOURTH CAUSE OF ACTION**
**Violation of California Civil Code § 52.1**
23 **(Against Defendants City of Antioch, Cuevas, Hulsey, Ouimet,**
**Walters, Orman, Mellone, and Does 1 through 25**
24 **in their official and individual capacities)**
25

26      117.  Plaintiffs incorporate by reference the allegations set forth above and below.
27
28

**COMPLAINT**                    *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

-16-

1    118.    Defendants Cuevas, Hulsey, Ouimet, Walters, Orman, Mellone, and Does 1

2  through 25 interfered with the exercise and enjoyment of Plaintiffs' clearly established rights

3  under United States and California law, which include, but are not limited to, the following:

4            a.  First Amendment to the United States Constitution;

5            b.  Fourth Amendment to the United States Constitution;

6            c.  Civil Code Section 43 - right of protection from bodily restraint or harm, from

7  personal insult, and from defamation;

8            d.  Civil Code Section 51.7 - right to freedom from violence.

9    119.    Defendants violated Plaintiffs' clearly established rights under United States and

10  California law by threats, intimidation and coercion.

11   120.    Defendants injured Plaintiffs to prevent them from exercising their rights as set

12  forth above.

13   121.    Defendants' conduct was a substantial factor in causing harm to Plaintiffs.

14   122.    Defendants Cuevas, Hulsey, Ouimet, Walters, Orman, Mellone, and Does 1

15  through 25 are liable to Plaintiffs because they breached mandatory duties owed to Plaintiffs

16  pursuant to section 815.6 of the California Government Code.

17   123.    Defendant City of Antioch is liable for the wrongful conduct of the individual

18  defendants under a theory of *respondeat superior* pursuant to section 815.2 of the California

19  Government Code.

20   124.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

21  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

22  including attorney fees, statutory penalties, and costs to remedy the unlawful conduct.

23        WHEREFORE, Plaintiffs pray for relief as set forth herein.

24  / . / . /

25  / . / . /

26  / . / . /

27  / . / . /

28  / . / . /

**COMPLAINT**                                            *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

-17-

**FIFTH CAUSE OF ACTION**
**Violation of California Civil Code § 51.7**
**(Against Defendants City of Antioch, Cuevas, Hulsey,**
**Ouimet, Walters, and Does 1 through 25**
**in their official and individual capacities)**

125.    Plaintiffs incorporate by reference the allegations set forth above and below.

126.    Defendants Cuevas, Hulsey, Ouimet, Walters, and Does 1 through 25 violated Plaintiffs' right to be free from violence, threat of violence or intimidation by threat of violence on the basis of Plaintiffs' race or color.

127.    Defendants' conduct was a substantial factor in causing harm to Plaintiffs.

128.    Defendants Cuevas, Hulsey, Ouimet, Walters, and Does 1 through 25 are liable to Plaintiffs because they breached mandatory duties owed to Plaintiffs pursuant to section 815.6 of the California Government Code.

129.    Defendant City of Antioch is liable for the wrongful conduct of the individual defendants under a theory of *respondeat superior* pursuant to section 815.2 of the California Government Code.

130.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees, statutory penalties, and costs to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.


**SIXTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**
**(Against Defendants City of Antioch, Cuevas, Hulsey, Ouimet,**
**Walters, Orman, Mellone, and Does 1 through 25**
**in their official and individual capacities)**

131.    Plaintiffs incorporate by reference the allegations set forth above and below.

132.    The conduct of Defendants Cuevas, Hulsey, Ouimet, Walters, Orman, Mellone, and Does 1 through 25 was outrageous and directed at Plaintiffs.

133.    Defendants' conduct was intended to cause injury or was in reckless disregard of

**COMPLAINT**                    *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

**-18-**

1 | the probability of causing injury to Plaintiffs and did in fact cause Plaintiffs serious emotional
2 | distress.

3 | 134. Defendants' conduct was a substantial factor in causing harm to Plaintiffs.

4 | 135. Defendant City of Antioch is liable for the wrongful conduct of the individual
5 | defendants under a theory of *respondeat superior* pursuant to section 815.2 of the California
6 | Government Code.

7 | 136. As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have
8 | suffered, and will continue to suffer, the above stated damages in an amount according to proof,
9 | including costs to remedy the unlawful conduct.

10 | WHEREFORE, Plaintiffs pray for relief as set forth herein.

11 |

12 | **SEVENTH CAUSE OF ACTION**
**28 U.S.C. §§ 2201, 2202**
13 | **Injunctive and Declaratory Relief**
**(Against Defendants City of Antioch, James Hyde**
14 | **and Allan Cantando)**

15 |

16 | 137. Plaintiffs incorporate by reference the allegations set forth above and below.

17 | 138. An actual and substantial controversy now exists between Plaintiffs and
18 | Defendants as to whether African-American citizens who are seized by the City of Antioch and
19 | the Antioch Police Department are subject to arbitrary, capricious and unreasonable use of
20 | force.

21 | 139. Unless the Court issues an appropriate declaration of rights, the parties will not
22 | know whether Defendants' policies and practices comply with the law, and Plaintiffs will likely
23 | be subject to adverse action on the basis of Defendants' conduct as set forth above.

24 | 140. Defendants' conduct, as set forth above, violates 42 U.S.C. section 1983, the
25 | First and Fourth Amendments to the United States Constitution, and section 51.7 and 52.1 of the
26 | California Civil Code.

27 | 141. If not enjoined, Defendants will continue to use excessive force against African-
28 | American citizens.

**COMPLAINT** *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

-19-

1  142.  If not enjoined, Plaintiffs will likely be subject to adverse action on the basis of

2  Defendants' conduct as set forth above.

3  143.  As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

4  suffered and will continue to suffer, the above stated damages in an amount according to proof,

5  including attorney fees and costs, to remedy the unlawful conduct.

6  WHEREFORE, Plaintiffs pray for relief as set forth herein.

7

8  **JURY TRIAL DEMAND**

9  144.  Plaintiffs hereby request a jury trial in this action.

10

11  **RELIEF REQUESTED**

12  WHEREFORE, Plaintiffs respectfully request that this Court grant the following

13  relief:

14  1.  Compensatory damages according to proof against all Defendants.

15  2.  Special damages according to proof against all Defendants.

16  3.  Statutory damages and penalties pursuant to California Civil Code sections

17  52(b) and 52.1(b).

18  4.  Punitive damages in an amount according to proof against all Defendants.

19  5.  Declaratory judgment that Defendants' policies and practices violate Plaintiffs'

20  rights as guaranteed under 42 U.S.C. section 1983 and the First and Fourth Amendments to

21  the United States Constitution.

22  6.  Permanent injunction against Defendants and its officers, agents, successors,

23  employees, and representatives prohibiting them from:

24  a.  retaliating against persons who exercise their First Amendment rights;

25  b.  denying medical attention to detainees who sustain injuries during a detention

26  or arrest.

27  7.  Attorney fees and costs pursuant to 42 U.S.C. section 1988.

28  8.  Attorney fees and costs pursuant to California Civil Code sections 52(b) and

**COMPLAINT**  *Barry White, Jr. and Demitrius Anderson vs. City of Antioch et al.*

-20-