UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY WHITE,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF ANTIOCH, et al.,<br><br>    Defendants. | Case No. 11-cv-04221-YGR (PR)<br><br>**ORDER CONTINUING STAY OF PROCEEDINGS PENDING RESOLUTION OF CRIMINAL PROCEEDINGS; AND ADMINISTRATIVELY CLOSING THE CASE** |

On August 26, 2011, Plaintiff Barry White filed a complaint under 42 U.S.C. § 1983 against the City of Antioch and employees of the Antioch Police Department, based upon events that occurred during Plaintiff's arrest on August 29, 2009.[1]

The record shows that the Contra Costa County District Attorney's Office ("CCCDAO") initiated proceedings on May 24, 2010 against Plaintiff in connection with the incident relating to his arrest on August 29, 2009. Dkt. 15 at 2. Plaintiff was charged with assault with a deadly weapon upon a peace officer and resisting an executive officer.[2] *Id.* at 6.

On November 18, 2011, the Honorable William Alsup stayed this case pursuant to the parties' stipulation and a showing of good cause. Dkt. 12.

On January 18, 2012, this matter was reassigned to the undersigned Judge. Dkt. 13.

On February 1, 2012, the Court ordered that this matter "remain stayed in all respects until further Order of the Court." Dkt. 16 at 4. To date, this matter remains stayed.

As the Court noted in its Order dated May 10, 2017, the parties had previously advised the Court that Plaintiff was in custody in San Francisco County Jail in connection with a double homicide that occurred in July 2013, and that the Contra Costa County criminal case underlying this civil action was trailing the San Francisco criminal case. Dkt. 56 at 2. In December 2017, the

---

[1] Former co-Plaintiff Demitrius Anderson voluntarily dismissed all claims against Defendants on March 17, 2014. Dkt. 28.

[2] Plaintiff was originally charged with a firearm enhancement, but the enhancement was dismissed during the preliminary criminal proceedings. Dkt. 15 at 6-7.

parties advised the Court that the proceedings in the San Francisco Superior Court had not concluded, and that the charges in Contra Costa Superior Court, while still pending, had been delayed. Dkt. 63 at 1. In its Order dated December 14, 2017, the Court directed Plaintiff to file an updated statement on the current status of the San Francisco criminal proceedings no later than March 2, 2018. *Id.*

On March 1, 2018, Plaintiff filed a statement indicating that he has been moved to San Quentin State Prison and that he "assume[s] the Contra Costa [Superior Court] charges have been dropped." Dkt. 64 at 1.

In an Order dated March 6, 2018, the Court directed Defendants to file a status statement on the San Francisco criminal proceedings and the Contra Costa criminal case underlying this civil action, as well as their position on whether a continued stay of this matter is warranted. Dkt. 65.

On March 20, 2018, Defendants filed a "Further Status Statement," indicating that Plaintiff's "[Contra Costa] criminal case and charges arising out of his 2009 arrest by the Antioch Police Department are still 'pending' and that there is still an active warrant out for [Plaintiff's] arrest (though he is still in custody, now at San Quentin State Prison), with a bail amount of $250,000." Dkt. 66 at 1-2. Defendants have also provided the Court with documents indicating that Plaintiff has a pending appeal in First District Court of Appeal Case No, A153329, in relation to his double homicide conviction in the San Francisco Superior Court. *See id.* at 3-5. Defendants state that it is "not clear to [them] as to whether or not the CCCDAO will ultimately go forward with their criminal charges arising from the 2009 arrest of [Plaintiff], and it may depend upon [Plaintiff's] appeals related to his double homicide conviction, though [Defendants] have been informed that the charges are still technically 'pending.'" *Id.* at 1-2. Defendants claim that "in light of the fact that the criminal case is still being appealed and the CCCDAO is still monitoring that process, a stay of this matter should still be in effect and will likely be in effect for an extended period of time in light of the significant sentence and complex appeal by [Plaintiff] related to the double homicide conviction." *Id.* at 2.

Here, it seems that Plaintiff's Contra Costa criminal case underlying this civil action is still pending. Because there are still pending criminal proceedings, the Court finds that this case shall

2

remain stayed in all respects until further Order of the Court. A continued stay is necessary because a federal court is prevented from interfering with ongoing state criminal proceedings (*see Younger v. Harris*, 401 U.S. 37 (1971)), and a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus (*see Heck v. Humphrey*, 512 U.S. 477, 486 (1994)). Although a plaintiff's damages claims will not be barred under *Heck* if the plaintiff has not yet been convicted, the claims should not go forward if such plaintiff's criminal proceedings are still pending. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007) (holding *Heck* does not encompass principle that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" (italics in original)). Rather, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94.

If Plaintiff intends to proceed with his claims, he shall file, within **twenty-eight (28) days** of the date the Contra Costa criminal proceedings against him have concluded, a motion asking the Court to lift the stay. If the stay is lifted because Plaintiff is convicted in the Contra Costa criminal case and the Court finds Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed at that time, absent some other bar to suit. *See Wallace*, 549 U.S. at 394.

The compliance hearing currently set for Friday, March 30, 2018, at 9:01 a.m. is VACATED. The Clerk of the Court is hereby directed to ADMINISTRATIVELY CLOSE the case.

IT IS SO ORDERED.

Dated: March 26, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge